PRINCIPAL LIFE INSURANCE CO.;
Petula Associates Ltd.; Equity FC
Ltd., Plaintiffs—Appellees,

v.

Constance A. ROBINSON; Chester L.
Robinson, individually and as trustee
of the Chester Robinson Trust; Dee
Hanson; Thea Wood; Kay Bell; Lynn
Robinson, Defendants—Appellants.

No. 07–35283.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Submission Withdrawn Dec. 23, 2008.

Resubmitted March 31, 2009.

Filed April 2, 2009.

G. Frank Hammond, Esquire, J. Stephen Werts, Esquire, Carla S. Rhoden, Esquire, Cable Huston Benedict & Haagensen, Portland, OR, for Plaintiffs–Appellees.

William L. Larkins, Jr., Julie R. Vacura, Larkins Vacura LLP, Portland, OR, for Defendants–Appellants.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.*

MEMORANDUM **

Defendants Constance Robinson, Chester Robinson, Evelyn Robinson, Michael Robinson and the estate of William "Bill" Robinson (collectively "the Robinsons") appeal the district court's grant of summary judgment in favor of plaintiffs Principal Life Insurance Co., Petula Associated, Ltd. and Equity FC, Ltd. over the proper interpretation of a 99-year ground lease and subsequent rejection of the Robinsons' counter-claims for reformation following a bench trial. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court did not err in concluding that the ground lease unambiguously provides that only the percentage will be reassessed in the 31st and 61st years. Section 2.1 of the lease repeatedly specifies $22,000 as the per-acre price, states in clear terms that the percentage will be reassessed in the 31st and 61st years and does not provide that the underlying land value will also be reassessed. Although the word "Initial" could mean that the per-acre cost might change from $22,000, no language in Section 2.1 can be read to *require* such change in the 31 st and 61 st years as a result of reassessment of the land's fair market value. Although the district court improperly failed to consider some extrinsic evidence related to the circumstances of contract formation, that evidence does not demonstrate that a particular provision in the lease can reasonably be read to require that the underlying land value be reassessed. *See Milne v. Milne Construction Co.*, 207 Or.App. 382, 142 P.3d 475, 478 (2006) (holding that courts should consider extrinsic evidence of the circumstances of contract formation to determine whether a provision is ambiguous, but that such evidence may not vary the terms of the written agreement).

The district court did not err in concluding that the Robinsons were not entitled to reformation of the ground lease. Although the testimony of Chester Robinson, Michael Robinson and Sonna Durdel could support inferences that Bill Robinson and Terry Brandt reached an oral agreement that the land value would be reassessed and that Terry Brandt should have known that Bill Robinson was mistaken about the meaning of the language in the final version of the lease, the Robinsons did not establish those elements by clear and convincing evidence. *See Pioneer Resources, LLC v. D.R. Johnson Lumber Co.*, 187 Or.App. 341, 68 P.3d 233, 246 (2003) (requiring that parties establish entitlement to reformation of a contract by clear and convincing evidence).

The district court did not err in awarding attorney's fees to the plaintiffs. The ground lease provides that the prevailing party in a dispute over the lease is entitled to attorney's fees.

**AFFIRMED.**

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.